UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

JENNY J. B.,

                Plaintiff,

    v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:22-cv-5450-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

     Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

<u>ISSUES FOR REVIEW</u>

    A. Whether the ALJ erred by improperly weighing the medical opinions of Drs. Wingate and Wilkinson.

    B. Whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony regarding her symptoms and limitations.

    C. Whether the ALJ erred in assessing plaintiff's RFC by failing to include limitations caused by cluster B personality traits, post-traumatic stress disorder ("PTSD"), and tremors.

1

PROCEDURAL BACKGROUND

On November 28, 2016, plaintiff protectively filed an application for SSI. AR 15. Plaintiff's application was denied upon initial review and upon reconsideration AR 132-44. At plaintiff's request, Administrative Law Judge ("ALJ") Rebecca Jones held a hearing on July 31, 2018. AR 34-94. On October 31, 2018, ALJ Jones issued a decision denying plaintiff disability benefits. AR 12-33. On July 19, 2019, the Appeals Council ("AC") denied plaintiff's request for review. AR 1-6. Plaintiff appealed.

On March 4, 2020, the United States District Court, Western District of Washington reversed and remanded the case for the ALJ to "reevaluate plaintiff's testimony and Dr. Wingate's opinions, reevaluate the cluster B diagnosis at step two if needed, reassess the RFC as appropriate, and proceed to step five as necessary." AR 1173-1188.

On December 17, 2020, the ALJ held a hearing. AR 1091-1135. On March 1, 2022, the ALJ issued a decision denying plaintiff disability benefits. AR 1055-75. Plaintiff filed exceptions with the AC which declined review on May 2, 2022, rendering the ALJ's March 1, 2022 decision the final decision of the agency. AR 1043-48. Plaintiff seeks this Court's review of the ALJ's decision.

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court also must consider the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. . . ." *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff argues that the ALJ failed to provide clear and convincing or specific or legitimate reasons for rejecting the medical opinion evidence of Drs. Wingate and Wilkinson, examining psychologists hired by the Department of Social and Health Services ("DSHS"). Dkt. 11 at 2. Specifically, plaintiff argues that the ALJ "lumped these two medical opinions together," gave significant weight to their assessment of mild and moderate limitations, but "accorded little weight" to the marked limitations without providing sufficient reasons for doing so. *Id* at 3.

Plaintiff filed the application prior to March 27, 2017, therefore, under the regulations in effect at that time, an examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). An ALJ must provide "clear and convincing" reasons supported by substantial evidence to reject the uncontradicted opinions of an examining doctor. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted); *see also Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). However, when a treating or examining physician's opinion is contradicted, the opinion

3

can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

"[T]o discount the opinion of an examining physician in favor of the opinion of a non-examining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (emphasis in original) (citing *Lester,* 81 F.3d at 831). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).

In this case, on September 1, 2017, Terilee Wingate, Ph.D., examining psychologist (hired by the Department of Social and Health Services ("DSHS")), determined that plaintiff suffered from Major Depressive Disorder ("MDD") recurrent severe, Generalized Anxiety Disorder ("GAD"), Cluster B personality traits, and R/O (rule out) somatization disorder. AR 600. Dr. Wingate opined that plaintiff had marked limitations[1] in her ability to: perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, without special supervision; maintain appropriate behavior in a work setting; and complete a normal workday and workweek. AR 600-01.

---

[1] A marked limitation "means a very significant limitation on the ability to perform one or more basic work activity." AR 600, 1454.

On November 6, 2019, William Wilkinson, Ed. D. (also hired by DSHS to examine plaintiff) determined that plaintiff suffered from MDD recurrent marked, GAD, and other unspecified anxiety disorders with features of Post-Traumatic Stress Disorder ("PTSD"), panic, adjustment, or situational. AR 1454. Dr. Wilkinson's opinion included the same marked limitations that Dr. Wingate assessed.[2] AR. 1454-55. Dr. Wilkinson opined that plaintiff was not malingering. AR 1455.

The ALJ accorded significant weight to the opinions of Drs. Wingate and Wilkinson with respect to their assessments of mild to moderate limitations. AR 1072. However, the ALJ accorded little weight to their assessment of marked limitations in multiple work-related activities. *Id*. The ALJ explained that Drs. Wingate's and Wilkinson's opinions were "largely based on claimant's self-reports," noted strong somatic focus, and were not supported by medical evidence. *Id*.

Instead, the ALJ gave great weight to the opinions of the state agency non-examining consultants, Drs. Andrew Forsyth, Ph.D., and Christmas Covell, Ph.D., who reviewed the evidence in March 2017 and June 2017, respectively. Both physicians opined that plaintiff could work full-time with limitations. AR 1071.

Self-Reported Symptoms

Plaintiff argues that the ALJ's analysis violated the law of the case and the rule of mandate because it was largely based on the claimant's self-reported symptoms, reasoning which was rejected by the Court in the previous remand. Dkt. 11 at 4-5.

---

[2] In the remainder of the work-related areas, Drs. Wingate and Wilkinson found either moderate limitations or mild/no limitations on the ability to perform one or more basic work activity. AR 600, 1454. Neither found any basic work activities with severe limitations. *Id*.

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citation omitted). However, "the doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id*. (citation omitted). The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Id.* at 568.

The Court previously held that "the ALJ erred in discounting plaintiff's self-reports *and* did not address Dr. Wingate's clinical findings. . . ." AR 1183 (emphasis added). The Court remanded for the ALJ to reevaluate plaintiff's testimony and Dr. Wingate's opinions. AR 1188. In this case, the ALJ reevaluated plaintiff's testimony and Dr. Wingate's opinions, and provided additional reasons for rejecting Dr. Wingate's opinion. AR 1072. In addition, plaintiff provided additional evidence including Dr. Wilkinson's opinion. Therefore, the ALJ did not violate the law of the case doctrine or the rule of mandate, with respect to this issue.

Plaintiff further argues that the opinions are part of the mental status examination and clinical interviews which are objective measures, and which cannot be discounted based on a self-report. Dkt. 11 at 5 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)).

"[T]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology. . . ." *Buck v. Berryhill*, 869 F.3d

1040, 1049 (9th Cir. 2017) (citations omitted). "Psychiatric evaluations 'will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient[,]' because 'unlike a broken arm, a mind cannot be x-rayed.'" *Andersson v. Berryhill*, No. C18-179 RAJ, 2018 WL 6499733, at *3 (W.D. Wash. Dec. 11, 2018) (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citation omitted)). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id*. (citing *Buck*, 869 F.3d at 1049). It follows that, "[c]linical interviews and mental status evaluations are objective measures and cannot be discounted as a self-report." *Id*. (citation omitted; internal quotation marks omitted).

As noted by the Court in its previous remand order, "Dr. Wingate provided clinical evidence documenting abnormalities in mood, affect, concentration, and abstract thought. . . ." AR 1183. The Court concluded that, "[b]ecause the ALJ erred in discounting [p]laintiff's self-reports and did not address Dr. Wingate's clinical findings, reliance on [p]laintiff's self-reports was not a specific and legitimate reason to discount Dr. Wingate's opinion." AR 1182-3.

The same is true of Dr. Wilkinson's opinion. The medical opinions were both based on clinical interviews and mental status evaluations which are "objective measures and cannot be discounted as a self-report. *See Andersson*, 2018 WL 6499733, at *3. In addition, the ALJ did not provide legitimate reasons why the opinions that plaintiff had mild and moderate limitations in some work-related areas should be credited more than opinions related to marked limitations, given that they all relied on

the same information.[3] As such, the Court finds no reason to deviate from the Court's previous conclusion.

Therefore, the ALJ's finding that that Drs. Wingate's and Wilkinson's opinions were based "largely on self-reports" is not a specific and legitimate reason to discount these opinions. However, the ALJ provided additional reasons to discount the opinions in his decision which the Court must consider.

Somatic Focus

Plaintiff next argues that the ALJ relied on Dr. Wingate's note that plaintiff had "a strong somatic focus and reported that she spent most of her days in bed." Dkt.11 at 6. Plaintiff argues that reason "is not a rational reason for rejecting the psychologists' medical opinions." *Id*. Specifically, plaintiff argues that somatic symptoms and related disorders is a listed mental impairment in 20 C.F.R. §. 404, Subpt. P, App. 1. *Id*. Plaintiff further states that an "individual's suffering is authentic whether or not it is medically explained." *Id.* (citing the *Diagnostic and Statistical Manual of Mental Disorders*, Fifth Edition ("DSM-5"), by the American Psychiatric Association, p. 311).

Dr. Wingate noted that plaintiff states she is physically very ill and doctors are not able to identify the reason. AR 600. Thus, Dr. Wingate noted "R/O [rule out] somatization disorder." *Id*. Dr. Wingate explained that plaintiff has not had improvement from therapy and medications and seems to have a strong somatic focus, along with

---

[3] Defendant responds that "[t]he ALJ reasonably determined that the doctors based their more extreme opinions on [plaintiff's] subjective complaints" and "their exam observations and overall record were inconsistent with the marked limitation." Dkt. 15 at 10. However, the Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Garrison,* 759 F.3d at 1009. Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

fatigue and depression that cause her to spend most of the day in bed. AR 601. As such, Dr. Wingate opined that her prognosis for work is guarded or poor. *Id*.

The ALJ noted that Dr. Wingate identified a somatic focus. The ALJ then stated: "Yet, the record shows that when compliant with treatment recommendations, she felt stable, functioned well, and was able to handle stressors," -- citing to one page of the record. AR 1072. One notation from the record, in contrast with the documentation presented in the longitudinal record, would appear to be the sort of cherry-picking that is not allowed in social security disability cases. *Garrison v. Colvin*, 759 F.3d 995, 1018, n.23 (9th Cir. 2014) ("The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits. . . .").

Absent any explanation regarding how one notation of a somatic focus contradicts Dr. Wingate's opinion, and absent any discussion of how this one notation would be considered significant in the context of the longitudinal record of plaintiff's mental health conditions, this statement is not a specific and legitimate reason to discount this expert opinion.

<u>Objective Medical Evidence</u>

Finally, plaintiff argues the normal findings the ALJ focused on in the record have no relationship to the basic work activities for which Drs. Wingate and Dr. Wilkinson opined that plaintiff had marked limitations. Dkt. 11 at 7. Plaintiff further argues the ALJ's citations simply illustrate that plaintiff's mental illnesses wax and wane in severity. *Id*.

In giving little weight to Dr. Wingate's and Dr. Wilkinson's assessments of marked limitations in multiple work-related areas, the ALJ reasoned that, "[w]hile mental

status examination showed some episodic depression and concentration deficits, the claimant was generally alert, oriented, cooperative, and appropriately dressed" AR 1072. The ALJ further noted that plaintiff demonstrated logical, linear speech; normal insight and judgment; and no noted delusions or hallucinations. *Id*.

In doing so, the ALJ cited to Drs. Wingate's and Wilkinson's opinions showing normal findings in some areas. AR 1072. But the ALJ fails to explain how these normal findings relate to marked limitations assessed by Drs. Wingate and Wilkinson regarding plaintiff's ability to: perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, without special supervision; maintain appropriate behavior in a work setting; and complete a normal workday and workweek. A plaintiff's ability to cooperate and complete tasks in highly structured and highly supportive setting, does not necessarily contradict a physician's finding of marked limitations. *See Jerah R. F. v. Comm'r of Soc. Sec.*, No. 3:21-CV-5425-DWC, 2022 WL 168423, at *4 (W.D. Wash. Jan. 18, 2022) (citing 20 C.F.R. 404, Subpart P, App'x 1, § 12.00(C)(6)(b) (2016) ("Your ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate your ability to complete tasks in the context of regular employment during a normal workday or work week.")).

The ALJ also cited to a single medical record showing normal findings. AR 1072 (citing AR 1620). However, "such observations must be 'read in context of the overall diagnostic picture' the provider draws." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citations omitted). Here, the mental status exam was accompanied by diagnostic

testing and diagnoses based on the testing, which the ALJ failed to discuss. AR 1621-35.

The ALJ further cited to a single medical record showing improvement -- which stated that her anxiety was stable and her major depressive disorder, recurrent, severe, was much better. AR 1638. In contrast, plaintiff cites to a significant number of records to demonstrate that any improvement was "short-lived and her debilitating symptoms returned." Dkt. 11 at 8-10. "The fact that a person suffering from depression makes some improvement 'does not mean that the person's impairment [ ] no longer seriously affect[s] [their] ability to function in a workplace.'" *Ghanim*, 763 F.3d at 1162. (citation omitted). Thus, the ALJ improperly cherry-picked evidence from the record to support discounting Drs. Wingate's and Wilkinson's opinions, while failing to consider evidence from the record supporting their opinions. *Garrison*, 759 F.3d at 1018, n.23 ("The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits. . . .").

As such, the ALJ's finding that Drs. Wingate's and Wilkinson's opinions were not supported by the objective medical evidence is not a specific and legitimate reason to discount these opinions. *See Kelly v. Berryhill*, 732 F. App'x 558, 560 (9th Cir. 2018). ("Where an ALJ's reasoning is belied by the record, it cannot constitute a 'specific and legitimate' reason for rejecting the controverted opinion of a treating physician.").

Therefore, in the absence of any additional specific and legitimate reasons for rejecting the marked limitations in the opinions of Drs. Wingate and Wilkinson, the ALJ's findings are not supported by substantial evidence.

B. **Plaintiff's Statements Regarding Subjective Symptoms**

Plaintiff first argues the ALJ violated the law of the case because the ALJ adopted the same analysis regarding several of plaintiff's subjective symptoms and impairments as in the prior decision, which were already found to be insufficient by the Court in the prior remand. Dkt. 11 at 10. However, application of this doctrine is discretionary. *Stacy*, 825 F.3d at 567 (citation omitted). In addition, this doctrine should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust. *Id*. (citation omitted). On remand, plaintiff provided additional evidence, which was cited by the ALJ, and the ALJ provided additional reasons for rejecting plaintiff's testimony. Thus, the Court finds this doctrine inapplicable.

Plaintiff next argues that the ALJ failed to provide clear and convincing reasons for discounting her testimony regarding her symptoms and limitations by selectively citing portions of the medical record. Dkt. 11 at 11-17.

Where plaintiff has presented objective medical evidence of an underlying impairment that could cause the alleged symptoms and there is no evidence of malingering, the ALJ can only reject or discount plaintiff's statements by providing "specific, clear, and convincing evidence" supported by substantial evidence. *Ghanim*, 763 F.3d at 1163 (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Here, the ALJ found that plaintiff's medically determinable impairments could cause the alleged symptoms, but plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not consistent with the medical and other evidence. AR 1070. Specifically, the ALJ reasoned that plaintiff's records

show that plaintiff's: depression and anxiety improved with treatment; her migraines responded well to Botox injection therapy and medications, and clinical exams showed no neurological abnormalities; her fatigue and sleep problems were contradicted by a 2018 sleep study showing no obstructive sleep apnea; there was no neurological testing for her tremors; and plaintiff's activities of daily living were inconsistent with her alleged limitations. AR 1070-71.

Depression and Anxiety

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). However, individual treatment records cannot be interpreted in a vacuum; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164

The ALJ noted that plaintiff's "depression and anxiety symptoms were responsive to individual counseling and medication management for depression." AR 1070. The ALJ also stated that plaintiff "episodically presented with depressed and anxious mood and showed some deficits in concentration" but cited treating providers normal findings. *Id*. The ALJ further noted that treatment records from Behavior Health Resources showed improved mood and more energy with treatment. *Id*.

For the same reasons this Court has determined that the ALJ improperly considered the medical opinion evidence, the ALJ also erred by improperly discounting plaintiff's testimony, while failing to consider evidence from the record supporting her testimony. *See* Section A. Therefore, improvement with treatment is not a clear and

convincing reason to discount plaintiff's testimony with respect to her allegations of depression and anxiety.

### Migraines

The ALJ rejected plaintiff's testimony because plaintiff had a generally good response to Botox injection therapy and medications. AR 1070. But the Court rejected this reasoning in its previous remand order -- noting that after November 2017, the ALJ's finding that plaintiff's migraines were well controlled was contradicted by the record. AR 1180. Given that plaintiff testified at the December 17, 2020 hearing that she had to stop injections after having an allergic reaction, improvement with treatment is not a clear and convincing reason to discount plaintiff's testimony with respect to migraines. *See* AR 1107; 1119.

Additionally, the ALJ noted that cervical spine x-rays, a brain MRI, and an electroencephalogram were normal. AR 1070. The ALJ also noted that clinical examinations showed no neurological abnormalities. *Id*. While these diagnostic tests were performed to rule out possible causes of migraines, the negative results do not contradict her allegations of migraines. *See e.g.*, AR 853 (finding no significant intracranial abnormality and no suspicious enhancing lesions); AR 1597-1607.

Therefore, improvement with treatment and normal testing are not clear and convincing reasons to discount plaintiff's testimony with respect to her allegations of migraines.

### Fatigue and Sleep Issues

With respect to plaintiff's allegations of fatigue and sleep problems, the ALJ found that the results of a February 2018 sleep study "showed no obstructive sleep

apnea" and at her follow-up visit to the sleep study clinic, plaintiff had not competed a sleep diary, stated she felt better, and had no additional concerns. AR. 1070. This reasoning is not supported by substantial evidence because, as noted in the previous remand, the fact that the sleep study showed no obstructive sleep apnea did not contradict plaintiff's testimony, as the study did show that plaintiff's sleep architecture was abnormal. AR 1014. The ALJ failed to discuss this aspect of the sleep study. While plaintiff noted at her follow-up visit that she felt better, later records continued to show fatigue and sleep issues. *See e.g.*, AR 1618.

Activities of Daily Living

An ALJ may discount a claimant's testimony based on daily activities that either contradict the testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

On remand, the Court previously concluded that plaintiff's activities were not clear and convincing reasons to discount her testimony where the ALJ did not explain how the activities contradict plaintiff's testimony and no contradiction is apparent. AR 1179. Following remand, the ALJ generally cited the same activities, cited new evidence, and again did not explain how these activities contradict plaintiff's testimony or meet the threshold for transferable work skills. AR 1070. Thus, the Court finds that plaintiff's activities are not clear and convincing reasons for discounting plaintiff's testimony.

As such, the ALJ failed to provide clear and convincing reasons to discount plaintiff's testimony. Since the assessment of plaintiff's testimony is dependent on the

medical opinion evidence, plaintiff's testimony and statements should be assessed anew, along with the medical opinion evidence.

### C. RFC Assessment

Plaintiff argues that the ALJ determined that plaintiff had the severe impairments of GAD, MDD, and migraine headaches but failed to include the limitations related to Cluster B personality traits in the RFC, despite being ordered to do so by the Court in the previous remand. Dkt. 11 at 17. Plaintiff further argues that the ALJ did not include limitations for plaintiff's PTSD and Familial Benign Hand Tremor (even though the ALJ remarked that the tremors were obvious at her 2018 hearing). *Id*. Plaintiff contends that, on February 8, 2019, PTSD and Familial Benign Hand Tremor had been diagnosed by an acceptable medical source. *Id*.

In the previous remand, the Court noted that the ALJ should "reevaluate the Cluster B diagnosis at step two if needed. . . ." AR1188. As such, the ALJ was not required to make any particular findings on remand. *See Torres v. Saul*, 798 F. App'x 979, 982 (9th Cir. 2019) (rejecting the argument that the ALJ's decision violated the law of the case doctrine because the ALJ was not required to make any particular findings on remand, and after remand, the record was substantially augmented with new evidence).

Because the Court finds that the ALJ's reasons for rejecting the medical opinions of Drs. Wingate and Wilkinson are not supported by substantial evidence and the ALJ's reasons for discounting plaintiff's testimony are not clear and convincing, the ALJ's reconsideration of the evidence will necessarily impact the ALJ's assessment of the RFC. Therefore, plaintiff's RFC should be assessed anew on remand.

### D. Whether the ALJ's Error(s) were Harmless

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). If the ALJ's errors result in an RFC that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id.* at 1052, 1054; *see also, Carmickle v. Comm'r. Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 F. App'x 715, 718 (9th Cir. 2021) (unpublished). Had the ALJ properly considered the marked limitations opined by Drs. Wingate and Wilkinson, the ALJ may have included additional limitations in the RFC assessment and presented those limitations to the vocational expert, which may have resulted in a different outcome. Thus, the ALJ's error was harmful warranting remand.

### E. Remedy

Plaintiff argues that the Court should credit as true the opinions of Drs. Wingate and Wilkinson, and credit as true her testimony. Dkt. 11 at 18. Plaintiff further argues that based on this evidence combined with the VE's testimony, the Court should remand for the award of benefits. *Id*. In the alternative, plaintiff argues that the case should be remanded with instructions. *Id*.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the Court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

(9th Cir. 2017). Likewise, if the Court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison*, 759 F.3d at 1020).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the Court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 880 F.3d at 1045; *see Garrison*, 759 F.3d at 1021 (stating Courts have the flexibility to remand for further proceedings when the record as a whole creates "serious doubt" as to whether the claimant is disabled within the meaning of the Social Security Act); *see also Ernest F. v. Comm'r of Soc. Sec.*, No. 2:19-CV-01568, 2020 WL 6708080, at *4-5 (W.D. Wash. Nov. 16, 2020) (remanding for further proceedings where there was significant doubt concerning whether plaintiff would be disabled, even if examining physician's opinion was credited).

Plaintiff asks this Court to credit as true Drs. Wingate's and Wilkinson's opinions, as well as plaintiff's testimony, citing *Garrision v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). Yet the Ninth Circuit "requires [the Court] to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law." *Treachler v. Comm'r of Soc. Sec.*

1  *Admin.*, 775 F3d 1090, 1105 (9th Cir 2014) (emphasis in original) (citing *Garrison,* 759 F.3d at 1020; *Connett v. Barnhart,* 340 F.3d 871, 874-76 (9th Cir.2003)).

Based on a review of the record, the Court concludes that the record has not been fully developed and further administrative proceedings would be useful. Plaintiff submitted evidence including a diagnosis of PTSD and Familial Benign Hand Tremor, which needs to be assessed by the ALJ.

In addition, plaintiff states in her Opening Brief that the record shows that "the frequency of her migraine headaches establishes that this impairment alone is disabling, at step three" and that even with treatment plaintiff "has never been able to reduce her migraine-days to less than the two days per month contemplated by Listing 11.02D." Dkt. 11 at 14. The ALJ found migraines as a severe impairment but concluded that plaintiff did not meet the requirements of Listing 11.02. AR 1059. Since the ALJ did not provide any explanation or citation to the record and did not include any limitations for migraines in the RFC, *Id.*, the ALJ shall reassess whether plaintiff's migraines meet the appropriate listing on remand.

Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for a *de novo* hearing with a new ALJ.

Dated this 7th day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge